## No. 6177.

### JAMES R. ANDREWS, PRESIDENT OF POLICE JURY, PARISH OF RAPIDES, vs. E. R. BIOSSAT ET AL.

In this suit against the treasurer of the parish of Rapides and his sureties said sureties were not entitled to plead discussion before the judgment. Under the statute they can require the principal's property to be sold before theirs can be seized.

No mortgage is created by the registry of the official bond against the security; the mortgage exists only upon the real estate of the principal obligor therein. Hence the judgment of the court below recognizing a mortgage against the property of the sureties is wrong.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. W. C. McGimsey, Parish Attorney, for plaintiff and appellee. T. C. Manning, for the sureties, defendants and appellants. M. Ryan, for Biossat, defendant and appellant.

LUDELING, C. J. This is a suit against the treasurer of the parish of Rapides and his sureties for $1173 90 and interest.

There was judgment against the defendants, in solido, with recognition of mortgage on the real estate of principal and sureties.

The evidence shows that Biossat received $1173 90 in the parish scrip of the parish of Rapides, which he has not delivered to the parish. It seems that under authority of the police jury the tax collector was authorized to take in payment of taxes this scrip, and that the parish treasurer received from the collectors of Rapides and Vernon, for account of Rapides parish, the amount of scrip above mentioned. He was authorized to receive this scrip in settlement with the tax collectors, and he must account for it.

The sureties were not entitled to plead discussion before the judgment. Under the statute they can require the principal's property to be sold before theirs can be seized. Revised Statutes, sec. 354. No mortgage is created by the registry of the official bond against the security. The law is that "bonds, when registered as above provided, shall operate from and after the date of the registry as a mortgage upon all of the real estate *of the principal obligor therein* in the parish where he exercises his office." Revised Statutes, sec. 2769. The judgment recognizing a mortgage against the property of the sureties is wrong.

It is therefore ordered that the judgment of the lower court be set aside, so far as it recognizes a mortgage against the property of the sureties, and that in other respects it be affirmed. Costs of appeal to be paid by appellee.